CRAIG CARPENITO
United States Attorney
FRANCES C. BAJADA
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUZ DELMORA,<br><br>    *Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>    *Defendants.* | HON. CLAIRE C. CECCHI<br><br>Civil No. 20-6251(CCC)(MF)<br><br>CONSENT ORDER DISMISSING THE COMPLAINT, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

Plaintiff Luz Delmora, by and through her attorney of record, and Defendants United States of America, et al.,[1] by and through their attorneys of record, hereby stipulate to the dismissal of the Complaint, without prejudice, based upon the following:

On May 22, 2020, Plaintiff filed this action asserting claims arising under the Federal Tort Claims Act, 28 U.S.C. § 1346, seeking damages for injuries allegedly sustained in a motor vehicle accident that occurred on January 7, 2020. *See* ECF 2. In the Complaint, Plaintiff did not allege that she filed an administrative tort claim with the United States Postal Service, the relevant agency in this action. *Id.* However, the United States Postal Service has advised that it received an administrative tort claim regarding this matter from the Plaintiff on May 18, 2020.

---

[1] The only proper government party in actions arising under the Federal Tort Claims Act is the United States of America. *See* 28 U.S.C. § 2679.

*See* Ex. A (Letter from Kimberly A. Herbst, Tort Claims Examiner/Adjudicator, dated May 20, 2020).

In accordance with the Federal Tort Claims Act, the Plaintiff must exhaust administrative remedies prior to filing an action in District Court, which includes receiving a denial of her administrative claim from the United States Postal Service or waiting six months without action for the constructive denial of her administrative claim.2

Absent proper exhaustion, the Court lacks subject matter jurisdiction over the claims presented in the Complaint.

Accordingly, the Complaint is dismissed, without prejudice, in accordance with the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2679, with the consent of all parties, and for good cause shown.

**SO ORDERED**.

            **HON. CLAIRE C. CECCHI**
            **United States District Judge**

I consent to the form and entry of the foregoing Order.

---

2 Further, should the United States Postal Service deny the Plaintiffs' administrative tort claim while this suit is pending or the Plaintiff waits six months without action and it becomes a constructive denial of her administrative claim, the Plaintiff cannot cure the jurisdictional deficiency by filing an amended complaint. *See Hoffenberg v. Provost*, 154 Fed. Appx. 307, 310 (3d Cir. 2005) (citing *McNeil*, 508 U.S. at 111–12).

| | |
|---|---|
| DAVID WASSERMAN, ESQ.<br>ANDREW PARK, PC<br>450 Seventh Avenue, Suite 1805<br>New York, New York 10123<br>Attorneys for Plaintiff | CRAIG CARPENITO<br>United States Attorney<br>970 Broad Street, Suite 700<br>Newark, New Jersey 07102<br>Attorneys for Defendants |
| *s/David Wasserman*<br>David Wasserman, Esq.<br><br>Dated: August 12, 2020 | *s/Frances C. Bajada*<br>Frances C. Bajada<br>Assistant United States Attorney<br><br>Dated: August 12, 2020 |